SIMMONS *vs.* DRURY.—*December,* 1829.

D, by last will, devised as follows: "Item. I give and bequeath to my two grandsons, S and W, sixty dollars each; and all the rest and residue of my personal estate, I give to be equally divided among my five sons." He also devised his real estate to his widow, and after her death, or marriage, directed his executors to sell it, and divide the proceeds among his sons. The testator's personal estate being insufficient to pay his debts, and also the pecuniary legacies, one of the grandsons, after the widow's death, filed a bill to have the land sold for the payment of his legacy. HELD, That he was not entitled to relief.

APPEAL from a decree of the Court of Chancery, dismissing the bill of the complainant (now appellant.) The bill which was filed on the 4th of February, 1825, stated, that *Charles Drury*, the grandfather of complainant, by his last will and testament, dated on the 8th of July, 1806, bequeathed to him the sum of $60, after his debts and funeral charges should be paid. The testator then directed, that his land after the death or marriage of his wife, (to whom he gave an estate in the same during widowhood,) should be sold by his executors, *Henry Childs Drury* and *Charles Drury*, and the money, therefrom arising, to be divided between his five sons, of whom the said executors

are two. That one of the testator's sons has since died, as has also his widow. That the personal estate, except a very small balance, has been exhausted in the payment of debts, so that complainant has only received $10, on account of his legacy, that being his proportion of the residuum in the hands of the executors. That *Henry C. Drury*, one of the executors and heirs of the said testator, has purchased the title of the other heirs to the land, and refuses to sell the same for the satisfaction of the balance of complainant's legacy. *Prayer*, that a decree may be had for the sale of said land, for the purpose of paying said legacy, and for general relief.

*Charles Drury's* will, referred to in the bill, contains, among others, the following clauses. "Item. I give and bequeath to my two grandsons, *William T. Simmons* and *Aaron Welch*, sixty dollars each." "And all the rest and residue of my personal estate, I give to be equally divided between my said five sons."

The answer of *Henry C. Drury*, *Charles Drury*, and *Samuel Drury*, three of the defendants, admitted the will of *Charles Drury*, the testator, and that he made such a disposition of his land, and bequeathed the legacy to the complainant as his bill charges. The defendants, *Charles* and *Samuel*, admit that they sold their interest in the land to the defendant, *Henry C.*, who alleges that he purchased the interest of the defendant, *Joseph Drury*. The defendant, *Henry C.*, states, that he paid the complainant his full proportion of the personal assets of the testator, on account of his legacy, as will appear by his receipt, filed with his answer. The defendants then deny, that the land devised to them by their father, is liable for the balance of complainant's legacy, as it is not, by the testator, made a charge thereon.

The answer of *Joseph Drury*, admits the facts set forth in the bill, and consents to the decree as prayed.

VOL. II.—5

The complainant's receipt on account of his legacy, referred to in the answer of *Henry C. Drury*, was admitted to have been signed by the complainant.

A commission issued, to take testimony, but the proof taken does not appear to be material.

BLAND, Chancellor, (July Term, 1827.)

This case standing ready for hearing, the solicitors of the parties were fully heard, and the proceedings read and considered.

It was urged, that the *Stat. of 5 Geo. 2, chap. 7*, by which, lands in this State were subjected to the payment of debts, must be allowed to have a direct and strong influence upon cases of this description. But whatever may be its effects under certain circumstances, I do not think that it can have any material bearing upon this particular case, and therefore, shall express no opinion respecting it, in any way whatever.

All the cases that have been cited as analogous to this, show, that the court has been altogether, or mainly governed, by what was deemed to be the intention of the testator. The whole controversy, here turns upon the single point of the intention of this testator, *Charles Drury*. He sets out with the general declaration, " after my debts and funeral charges are paid," but he does not say how, when, or out of what fund, they are to be paid; nor does he make any allusion to them. Hence this expression can be considered in no other light, than as a general recognition of the legal liability of the whole of his estate, to the payment of his debts and funeral charges. It manifests no intention to alter or change the general bearing of that liability in any manner whatever.

It is a very ancient and well established principle of our law, that the personal estate of a deceased debtor, shall be considered as the natural fund, for the payment of his debts, and must be first applied for that purpose. There are many cases, however, in which a Court of Equity will so marshal

the assets in favor of creditors and legatees, as to relieve the personal estate from the grasps of those who have other means of obtaining satisfaction. But those cases only shew and illustrate the nature of the power of the court, under these circumstances, where the law, or the intention of the testator allows of the exercise of such a power. Here the intention of the testator, *Charles Drury,* is clear and decisive against the application of any such authority.

It is evident that he had under his contemplation the whole of his estate, made up as it was of the two well known kinds of property, *real* and *personal,* the legal character of each component part of which he perfectly understood, or shewed no disposition to alter in any one particular, in reference to the objects of his bounty. He first distinctly and specifically disposes of his whole real estate to his wife, for life, or during her widowhood, and after to his sons. He then proceeds to his personalty. He gives several pecuniary legacies, and then, by a sweeping bequest, disposes of "all the rest and residue of his *personal estate.*" Taking the whole will together, it amounts to this. That after the estate has been cleared of all claims against it, in the usual manner, and according to law, the realty shall go to his wife and sons, and the personalty, if sufficient, shall be applied to the payment of certain legacies, and the residue, if any, to his sons. The devise of the land is as much and properly a *specific* donation, as the bequest of the pecuniary legacies. To charge the pecuniary legacies upon the land directly or indirectly, or by substitution, or otherwise, it is conceived would be a manifest violation of the intention of the testator, and unwarranted by any law, or adjudged case.

DECREED, that the complainant's bill be dismissed, with costs.

From which decree the complainant appealed to this court.

The cause was argued before BUCHANAN, Ch. J., and EARLE, MARTIN, and ARCHER, J.

Aldridge and Higdon *vs.* Weems and Hall.—1829.

*Boyle,* for the appellant, said, the question is whether, as the personal estate is insufficient to pay debts and legacies, and the debts having been paid out of the personal estate, the real estate should not be sold to pay the balance of the legacy to the complainant. He cited in his argument, *Bac. Ab. tit. Ex'or.,* (*L. 2*) *Ford vs. Grey,* 1 *Cas. in Chan.* 297. 2 *Chan. Rep.* 155. *Kaims Pr. Eq. B.* 1, *Sec.* 1, 16. 2 *Cas. in Chan.* 4. *Ib.* 115. *Ib.* 117. *Chepping vs. Chepping,* 1 *P. Wms.* 730. *Burton vs. Pierpont,* 2 *P. Wms.* 81. *Wainwright vs. Waterman,* 1 *Ves.* 312. *The acts of* 1785, *ch.* 80, *and* 1798, *ch.* 101, *sub. ch.* 8, *sec.* 17. *Tyson vs. Hollingsworth,* 1 *Harr. and Johns.* 470. *Stat.* 5, *Geo.* 2, *ch.* 7, *sec.* 4. *Kilty's Rep. of the Statutes,* 249.

*Brewer, Jr.* for the appellees, referred to 4 *Bac. Ab.* 282, 286.

DECREE AFFIRMED.